OPINION
{¶ 1} Defendant-appellant Roger E. Francis appeals from the October 26, 2005, Judgment Entry entered by the Licking County Court of Common Pleas, Domestic Relations Division in favor of Plaintiff-Appellee Jodie L. Francis Redman.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Plaintiff-Appellee and the Defendant-Appellant were divorced by Decree of Divorce filed May 16, 2002.
 {¶ 3} The divorce decree provided, in part, that the Defendant-Appellant transfer all of his interest in the marital real estate to the Plaintiff-Appellee by quit-claim deed and at that time the Plaintiff-Appellee was to sign a promissory note to the Defendant-Appellant for the amount of $34,614.82 promising to pay the Defendant-Appellant the sum of $34,614.82 upon the Plaintiff-Appellee's relocation, remarriage, death or cohabitation with a non-relative adult male or the emancipation of the youngest child, whichever occurred first.
 {¶ 4} Counsel for Plaintiff-Appellee sent counsel for Defendant-Appellant a quit-claim deed for Defendant-Appellant's signature along with a letter in which Plaintiff-Appellee offered to sign a promissory note and mortgage to Defendant-Appellant in exchange for the quit-claim deed. Defendant-Appellant never responded and Defendant-Appellant never signed a quit-claim deed. (T. at 51-52).
 {¶ 5} Plaintiff-Appellee sold the subject property by deed dated September 20, 2002 (T. at 12). Plaintiff-Appellee made a partial payment to Defendant-Appellant of Five Thousand Dollars ($5,000.00) in November, 2002 (T. at 13). Plaintiff-Appellee thereafter refused to pay Defendant-Appellant the balance of the monies he was awarded (T-13). Said amount due, after crediting Plaintiff-Appellee with the amount of Two-Thousand Five Hundred Dollars ($2,500.00) for a judgment for legal fees granted in the Decree of Divorce, was Twenty-seven Thousand One Hundred Fourteen Dollars and Seventy-two Cents ($27,114.72).
 {¶ 6} On October 22, 2004, Defendant-Appellant filed a contempt motion asking the Court to enforce the divorce decree by holding the Plaintiff-Appellee in contempt of court for her alleged failure to pay Defendant-Appellant money pursuant to the divorce decree; entering a money judgment against Plaintiff-Appellee; and entering an award of attorney fees.
 {¶ 7} The matter came on for a hearing before the Magistrate on December 17, 2004. At the hearing, evidence was presented showing that Plaintiff-Appellee was suffering from a chronic illness and that medical insurance was a crucial factor in the divorce settlement. Plaintiff-Appellee testified that she asked the Defendant-Appellant to pay his share of the COBRA coverage as ordered by the divorce decree and the Defendant-Appellant refused. (T. at 53). Plaintiff-Appellee also testified that she had arranged for COBRA coverage through the Defendant-Appellant's employer but that this coverage was cancelled because of the lack of payment of premium. (T. at 62-77). The Plaintiff-Appellee, due to her illness, was admitted to the hospital and incurred hospital and doctor bills in the amount of $29,117.69. (T. at 77-80).
 {¶ 8} The Magistrate filed his written decision on January 24, 2005. The decision overruled Defendant-Appellant's motion for contempt. Further, the decision provided Plaintiff-Appellee with a judgment against Defendant-Appellant to the extent the set offs she received exceeded the sum she owed to Defendant-Appellant under the terms of the Decree of Divorce.
 {¶ 9} The set offs awarded Plaintiff-Appellee in the Magistrate's Decision consisted of the following:
 {¶ 10} (a) the payment of $5,000.00 made by the Plaintiff to the Defendant;
 {¶ 11} (b) the judgment of $2,500.00 awarded the Plaintiff in the Divorce Decree; which the Defendant has not paid to her;
 {¶ 12} (c) the sum of $634.50 for attorney fees that the Plaintiff was awarded against the Defendant by the Judgment Entry of June 24, 2002;
 {¶ 13} (d) the judgment of $50.00 awarded the Plaintiff against the Defendant by the June 24, 2002 Judgment Entry;
 {¶ 14} (e) the judgment of $363.00 awarded the Plaintiff against the Defendant by the June 24, 2002, Judgment Entry;
 {¶ 15} (f) medical bills totaling $29,117.69 incurred by the Plaintiff for treatment of her own health conditions from May 17, 2002, through November 16, 2003; and,
 {¶ 16} (g) $1,396.11, representing the Defendant's portion of the children's uninsured health care expenses from 2002 through the hearing date.
 {¶ 17} Defendant-Appellant filed written objections to the Magistrate's Decision on July 6, 2005. In the objections, Defendant-Appellant raised the identical issues presented in Defendant-Appellant's Assignments of Error as well as that portion of the Magistrate's Decision which overruled the Defendant-Appellant's motion for contempt.
 {¶ 18} The trial court issued its opinion on September 30, 2005 which overruled the Defendant-Appellant's objections to the Magistrate's Decision.
 {¶ 19} The Judgment Entry adopting the Magistrate's Decision was filed October 26, 2005, granting a judgment in favor of Plaintiff-Appellee in the amount of Eleven Thousand Nine Hundred Forty-six Dollars and Fifty-eight Cents ($11,946.58), plus interest.
 {¶ 20} It is from this Judgment Entry that Appellant now appeals, raising the following assignments of error:
 ASSIGNMENTS OF ERROR {¶ 21} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED AFFIRMATIVE RELIEF WHERE APPELLEE FAILED TO PROPERLY INVOKE THE COURT'S CONTINUING JURISDICTION.
 {¶ 22} "II. THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE MEDICAL RECORDS THAT FAILED TO COMPLY WITH EVID. R. 803(6) AND FOR WHICH NO FOUNDATION HAD BEEN ESTABLISHED THAT WOULD ALLOW FOR THEIR ADMISSION IN COMPLIANCE WITH EVID. R. 803(6)."
 I. {¶ 23} In the first assignment of error, appellant contends that the trial court did not have jurisdiction to grant the relief requested by Appellee. We disagree.
 {¶ 24} Specifically, Appellant argues that the trial court only had jurisdiction to consider and grant, or deny, relief on his contempt motion. Appellant argues that because Appellee did not file a motion with court seeking the relief granted, she failed to invoke the court's jurisdiction.
 {¶ 25} In general, the Supreme Court has directed us to apply the abuse of discretion standard to the trial court's determinations in domestic relations cases. Booth v. Booth
(1989), 44 Ohio St.3d 142.
 {¶ 26} Upon review, we find that the jurisdiction of the trial court was invoked by the filing the Appellant's contempt motion and that such jurisdiction extended to consider all aspects of such motion, including a set-off for the medical bills incurred by Appellee due to Appellant's failure to comply with the divorce decree in this matter.
 {¶ 27} We therefore find that the trial court did not abuse its discretion in granting relief to Appellee in the form of a set-off against the money she owed to Appellant from the sale of the house.
 {¶ 28} We do however find that it appears that the trial court did not factor into his calculations that portion of the Cobra premium which Appellee would have been responsible for had the Cobra insurance been in effect. We therefore remand this matter back to the trial court for a consideration of same.
 {¶ 29} Appellant's first assignment of error is sustained only as to the limited issue of the credit to Appellant for the 30% premium payment which Appellee would have been responsible to pay.
 II. {¶ 30} In the second assignment of error, appellant argues that the trial court erred in allowing the admission of Appellee's medical records. We disagree.
 {¶ 31} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage
(1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 32} Appellant argues that the medical records presented by Appellee were hearsay and that the proper foundation for such records was not laid as required by Evid.R. 803(6).
 {¶ 33} Upon review of the transcript, we find that Appellant did object to the introduction of the medical records at the hearing but that he did not argue that such was hearsay, arguing instead that such evidence should not come in based on lack of authentication.
 {¶ 34} Evid.R. 103(A)(1) requires a party to timely object to the admission of evidence and to state the specific ground of the objection if it is not otherwise apparent from the context of the testimony in order to preserve an error for appellate review.
 {¶ 35} This Court "need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."State v. Williams (1977), 51 Ohio St.2d 112, 364 N.E.2d 1364, paragraph one of the syllabus, vacated in part on other grounds(1978), 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156. Because Appellant failed to preserve this issue for appellate review, its argument lacks merit. See State v. Hutzler, 9th Dist. No. 21343, 2003-Ohio-7193, at ¶ 10.
 {¶ 36} With regard to the objection based on lack of authentication, the provisions of Evid.R. 901(A) require only that a proponent of a document produce "evidence sufficient to support a finding that the matter in question" is what the proponent claims it to be.
 {¶ 37} The trial court overruled said objection stating that it was allowing such testimony as to the medical bills "for the limited purpose of establishing they're bills that the witness believes she owes." (T. at 87).
 {¶ 38} Upon review of same pursuant to Evid.R. 901 we find that Appellee's testimony as to her necessary medical treatment and the resulting medical bills was sufficient to support a finding that the medical bills were what Appellee purported them to be.
 {¶ 39} Upon review, we find no abuse of discretion.
 {¶ 40} Appellant's second assignment of error is overruled.
 {¶ 41} The judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed in part, and reversed in part. The matter is remanded for further proceedings consistent with this opinion.
Boggins, J. Farmer, P.J. and Edwards, J. concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part. The matter is remanded for further proceedings consistent with this opinion. Costs assessed to appellant.